# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| OKYEAME WOODARD | CIVIL ACTION NO. 15-cv-1817 |
| VERSUS | JUDGE HICKS |
| BURL CAIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Okyeame Woodard ("Petitioner"), who was a drug dealer, was kidnaped and tortured by Michael Winbush and another person as part of a plot to rob Petitioner of a large amount of cash. Petitioner was cut and burned, but he survived. He refused help from the police and said he would take care of the situation. Several days later, Petitioner participated in the murder of Winbush, who was placed in the cab of a truck, doused with gasoline, shot several times, and burned beyond recognition. Petitioner was convicted of second-degree murder.

Petitioner pursued a direct appeal, followed by a state post-conviction application. After that process ended in 2014, Petitioner filed this federal habeas petition and asserted a number of claims. The petition went through initial review, the State was served, and the petition is fully briefed and ripe for decision.

Several months after briefing was completed, Petitioner filed a Motion to Stay (Doc. 31) to allow him to exhaust his state court remedies with respect to additional claims and then add them to this federal proceeding. The stay and abeyance requested by Petitioner "should be available only in limited circumstances." Rhines v. Weber, 125 S.Ct. 1528

(2005). Courts should be cautious about granting such stays because they undermine the AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. A "stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." Id.

Petitioner has not shown good cause to stay this 2015 case. He gives no reason for his failure to assert all claims in his original post-conviction application, which would have exhausted the claims and allowed their inclusion in his original federal petition. His motion to stay does not even articulate the basis of any new claims or attempt to explain why they were not asserted earlier in the proceedings. Petitioner says only that he intends to present (unspecified) new claims to the state court when he finishes drafting some new pleadings. Petitioner does not identify any newly discovered facts or offer any other reasonable excuse for his delay.

There is a significant likelihood that the new post-conviction application that Petitioner plans to file in state court will be met with a timeliness defense and other potentially valid procedural objections. Even if the state court were to reach the merits, it would be several months or even a few years before all stages of those proceedings were completed to exhaust any new claims and allow their presentation in federal court.

This court should not have to carry a case on its docket for several years merely because Petitioner recently thought of a new argument that he has not even articulated or explained why he did not raise earlier. The state post-conviction and federal habeas process favor a once-and-done approach, and serial or repetitive filings are disfavored. Accordingly, the court declines to issue a stay in this case. The **Motion to Stay (Doc. 31)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge